UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SANDRA K. WATSON, on behalf of plaintiff and the class defined herein, | ) ) ) ) | |
| Plaintiffs | ) ) ) | CIVIL ACTION NO. 2:16-CV-00300-JRG-MCLC |
| v. | ) ) ) ) ) | |
| ARC MANAGEMENT GROUP, LLC, | ) ) | |
| Defendant | ) | |

## MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant ARC Management, LLC ("ARC"), who moves for summary judgment on all the Plaintiff's claims for relief in Complaint 2:16-cv-00300-JRG-MCLC pursuant to Fed. R. Civ. P. 56.

The Defendant's certify that counsel discussed the grounds for this motion and the relief requested with counsel for the Plaintiff on October 11, 2016. Plaintiff's counsel did not respond to said communication.

# FACTS

Plaintiff's Complaint alleges several causes of action: (1) ARC engaged in "communication" with Ms. Watson as defined under the Fair Debt Collection Practices Act ("FDCPA") by reporting Ms. Watson's debt to Hamblen Emergency Group, LLC ("Hamblen Emergency) to Equifax (Pl's Comp., ¶13, ¶16); and (2) when ARC reported the alleged debt to Equifax, ARC did not possess a collection service license issued by the Tennessee Collection Service Board ("TCSB") violating U.S.C. §§1692e, 1692e(5), 1692e(10), and 1692f. (Pl.'s Comp. ¶20, 21.)

Plaintiff further alleges (3) the Complaint has met the federal standards for class certification under Fed.R.Civ.P. 23(a) and 23(b)(3) and that (4) ARC has reported a sufficient number of consumer debts to Equifax and other consumer reporting agencies allegedly owed by individuals in Tennessee to make joinder in a single proceeding impractical. (Pl.'s Comp., ¶23, 26.)  Plaintiff also alleges (5) credit reporting by ARC to Equifax and other consumer reporting agencies is an attempt to collect a debt as defined by the FDCPA.  (Pl.'s Comp., ¶ 29, 33.)

# ARGUMENT

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Bradford v. LVNV Funding*, LLC, 3 F. Supp.3d 708, 710 (E.D. Tenn. 2014)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To refute such a showing, a non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id*. Here, the Plaintiff alleges the communication of a debt to a credit bureau is a communication in connection with the collection of said debt and violates 15 U.S. § 1692a(2) due to the ARC's alleged lack of licensing required under Tennessee law. (Pl.'s Comp. ¶¶14, 17.)

**A. Defendants are entitled to Summary Judgment on Plaintiff's Counts I-VI that ARC violated the Fair Debt Collection Protection Act ("FDCPA") 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(1), and 1692f by reporting a valid Plaintiff to a credit bureau without acquiring a license required under Tennessee law.**

The Plaintiff's claim that reporting of a valid debt to a credit bureau is an act of collection and subject to the requirements of the FDCPA, requires Plaintiff to establish, by a preponderance of the evidence, a *prima facie* case that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

Plaintiff cites no binding authority to support the contention that a communication is a collection of a debt as interpreted by the FDCPA and Plaintiff's contentions fail on many grounds.

Plaintiff cites debt collection as performed through communication, conduct, or means. *See* (Pl.'s Comp. ¶16.) However, Plaintiff points to no binding authority that provides definitive opinion by the court that this is so. The *Purnell* court, citing the *FTC*

*Staff Opinion Letter*, placed emphasis that it is "not permissible under the FDCPA for a debt collector to report, or continue to report, a consumer's charged-off debt to a consumer reporting agency after the debtor collector has received, but not responded to, a consumer's written dispute during the 30-day validation period under § 1692g." *Purnell v. Arrow Fin. Service, LLC*, 303 Fed. Appx. 297, 304 n. 5, 2008 U.S. App. LEXIS 25488, at *17, n. 5 (6th Cir. 2008); *See also FTC Staff Opinion Letter*, 1997 WL 33791232 (F.T.C.) (Dec. 23, 1997). The Plaintiff did not contact Defendant to dispute the debt owed or communicate with any of Defendant's agents prior to file of suit.

Furthermore, Plaintiff's contention that ARC reported Plaintiff's debt prior to possession of a valid Tennessee Collection Service Board ("TCSB") service is irrelevant. Tennessee law provides that the licensing requirements of § 62-20-105 "shall not impair or impede any obligation(s) related to a debt or any right to sell, purchase, assign or take assignment of a debt." Tenn. Code Ann. § 62-20-105(d) (2014).

Additionally, even if a company is alleged to have engaged in unlicensed conduct, the company may cure at any time, even after collection may have started by filing an application for a collection service license with the Board. Tenn. Code Ann. § 62-20-105(f)(1). While ARC makes no admission or concession that reporting a debt to a credit bureau is an act of collection, § 62-20-105 provides a remedy to cure such a violation if one is found by not obtaining a collection license prior to collection activities. Plaintiff's assertion that ARC has violated the FDCPA rests with Tennessee law and the requirement of a collection license to legally collect debts in Tennessee. (Pl.'s Comp. ¶¶

23, 24.) Plaintiff's argument is without merit as Tennessee provides a cure § 62-20-105 and Plaintiff points to no authority that operating in a license state without a collection license is a violation of the FDCPA:

> Tenn. Code Ann. § 62-20-105(f): Any person who is alleged to have violated subsection (a) in the collection of a delinquent account, bill or other form of indebtedness: (1) may cure the default at any time, even after collection may have started, by filing an application for a license with the collection services board as provided in this chapter, and the board may not use a prior collection effort in violation of this section of § 62-20-127 as a basis or consideration for the denial of a license; and (2) may be subject to sanction by the collection service board, but **may not** be subject to other civil action or defense based on such alleged violation.

As set forth in the Answer to Plaintiff's Second Amended Complaint, ARC possesses a valid collection license issued by the Tennessee Collection Service Board. Even if this Court were to conclude that the act of reporting a debt to a credit bureau is an act of collection, a civil action, Plaintiff has no basis for initiating a cause of action against ARC. *See generally* (Pl.'s Comp. ¶¶ 23, 24.)

Plaintiff's cited authority does not apply to the current set of facts and the Sixth Circuit has already provided guidance. The *Smith* court specifically identified that "an entity that does not engage in collection activities itself but relies on licensed collection agencies and licensed attorneys to conduct those activities need not be licensed pursuant to the TCSA and …. failure to obtain the license does not constitute a violation of the FDCPA." *Smith v. LVNV Funding*, LLC, 2 F. Supp.3d 1089 (E.D. Tenn. 2014).

Here, as evidenced by the affidavit attached hereto and incorporated by reference as Exhibit "A," ARC operated all collection efforts during the relevant time at issue

through a third party licensed vendor in Tennessee, Premier Financial Credit Services ("Premier"). Analogous to the *Smith* court, ARC hired Premier as a vendor partner until ARC's TCSB license was approved. Plaintiff's debt was assigned to Premier and said vendor operated all collection activities with Tennessee consumers prior to ARC's valid licensure with the TCSB (attached hereto as Exhibit "B" and incorporated herein by reference).

The *Smith* court also defined a collection agency under Tennessee law and its relation to the FDCPA. Plaintiff alleged in *Smith* that the defendant engaged in collection activity by (1) reporting debt to credit agencies, and (2) filing of collection lawsuits as the named plaintiff to seek a judgment it can collect. *Id.* at 1099. The *Smith* court disregarded the plaintiff's argument and opined that an agency "has not "engaged" in collection activity unless it has taken part in, or involved itself directly in, the collection activity and the licensing requirement applies only to those persons who actually involve themselves in, or take part in, the act of collecting. *Id*. at 1100. Additionally, from a policy standpoint, requiring an agency to be licensed and regulated by the state accomplishes little in terms of protecting debtors or clients of collection. *Id*.

Here, ARC reported a valid debt to a credit reporting bureau and did not engage in an act of collection against Plaintiff, as this Court has held. *See generally Id*. ARC made no phone calls or sent any letters to Plaintiff to collect on the aforementioned debt. ARC filed no suit against Plaintiff. ARC has obtained a valid Tennessee license and Tenn. Code § 62-20-105(f) cures any alleged or potential violation if any were to exist during the period of time at issue.

Therefore, Plaintiff has provided no probative evidence indicating the necessity of a trial for resolving a material factual dispute and ARC is entitled to judgment as a matter of law.

*Class Certification*

Before certifying a class action, district courts must conduct a "rigorous analysis" into whether the movant has demonstrated that the action satisfies all of the prerequisites of Rule 23(a) of the *Federal Rule of Civil Procedure*. *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir.2000). Rule 23(a) provides that:

> One or more members of a class may sue ... as representative parties on behalf of all only if (1) the class is so numerous that joinder is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The party seeking the class certification bears the burden of proof. *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir.1996) Plaintiff fails to provide allegations in her Complaint that would merit class certification. In addition, there are no pending motions seeking class certification. The Supreme Court has recently made it very clear that certification is proper only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members." *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013).

The *Califano* court stated that the class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). Here, Plaintiff has failed to

specifically identify any damages which are typical to the class that she alleges. Plaintiff has failed to allege any damages at all, whether implied or otherwise.

Although the district court has wide discretion in determining whether or not to certify a class, the Court must carefully scrutinize plaintiff's allegations to insure that the requisites of Rule 23(a) and (b) have been met. C*ross v. National Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977). With regard to the "typicality" requirement of Rule 23(a), the Sixth Circuit has determined that a representative's claim is "typical" if it arises from the same "course of conduct" that gives rise to the claims of other class members, and if his claims are based on the same legal theory. *In re Am. Med. Sys. Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Typicality has been defeated when the plaintiffs' legal theory requires individualized proof, as the named plaintiffs' evidence "could not advance the interests of the entire [absent] class." *Sprague v. General Motors Corp.,* 133 F.3d 388, 399 (6th Cir. 1998). Claims with individualized proof can only advance the interests of each party individually, frustrating the purpose and economy of class certification. *Id*. Therefore, for a "rigorous analysis," it is not sufficient to find that the plaintiffs' claims arose from some general policy. *Reeb v. Ohio Dep't of Rehabilitation and Correction*, 435 F.3d 639, 644-45 (6th Cir. 2006). The court must address the typicality prerequisite in terms of the proof required for each claim and defense. *Id*.

The Plaintiff expects the court to conclude, without any assertion of fact, that every citizen of Tennessee that has ever come in contact with ARC has suffered monetary damages justifying certification. The Plaintiff has not alleged any false, misleading, or deceptive conduct. Plaintiff also expects the court to assume that these damages are

typical of every citizen, without anything more. This argument is without merit and does not rise to the standards set forth in Rule(s) 23(a) or 23(b)(3).

*Conclusion*

For the foregoing reasons, ARC's Motion for Summary Judgment should be granted and Plaintiff's claims for relief should be denied with costs assessed against the Plaintiff.

Respectfully submitted,

s/ Thomas C. Jessee
Thomas C. Jessee
Jessee & Jessee
P.O. Box 997
Johnson City, TN 37605
BPR (000113)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of October 2017, a true and exact copy of this Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Mr. Alan C. Lee
Attorney at Law
P.O. Box 1357
Talbott, TN 37877-1357

s/ Thomas C. Jessee
Thomas C. Jessee