UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| SANDRA K. WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-300 |
| | ) | |
| ARC MANAGEMENT GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Currently before the Court are (1) the plaintiff's motion for partial summary judgment, [Doc. 33]; and (2) the defendant's motion for summary judgment, [Doc. 41], in this Fair Debt Collection Practices Act ("FDCPA" or "the Act"), 15 U.S.C. § 1692 *et seq.*, case. The plaintiff's motion seeks judgment in her favor only as to the liability of the defendant, ARC Management Group, LLC, ("ARC"), reserving the determination of damages for a trial by jury. ARC has responded to the plaintiff's motion, [Doc. 36], contending that summary judgment for the plaintiff is not appropriate. ARC argues that it did not violate the FDCPA by reporting a valid debt to a consumer reporting agency, [Doc. 36 at 4-5]. The plaintiff has replied, [Doc. 40], and this motion is ripe for disposition.

The defendant's motion, [Doc. 41], seeks judgment in its favor on all of plaintiff's claims. The defendant's motion reiterates many of the same arguments raised in its response to the plaintiff's motion, and states that these grounds entitle the defendant to judgment as a matter of law. The plaintiff opposes the motion, [Doc. 43], again stating many of the same grounds raised

in her own summary judgment motion. The time for the defendant to file a reply brief has passed, and this motion is also ripe.

For the reasons that follow, the plaintiff's motion for partial summary judgment will be DENIED, and the defendant's motion for summary judgment will be GRANTED. This action will therefore be DISMISSED in its entirety.

I.     BACKGROUND

As representative of the class, the plaintiff, Sandra K. Watson, brings this putative class action lawsuit asserting violations of the FDCPA by ARC. The plaintiff is alleged to have incurred a medical debt of $1,070 to Hamblen Emergency Group, LLC, [Doc. 29 ¶ 10].[1] At some point, the plaintiff allegedly defaulted on the medical debt, and the debt was assigned to ARC for purposes of collection, [Doc. 29 ¶ 11]. ARC admits that it is a collection service as defined by Tennessee state law, and that it reported the plaintiff's medical debt to Equifax. Both parties agree that "Equifax is an entity that regularly engages in the business of assembling, evaluating and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties." [Doc. 37 at 3]. ARC was not licensed in Tennessee as a collection service agency at the time the debt was reported to Equifax, but since such time ARC has acquired a valid license issued by the Tennessee Collection Service Board. The parties do not dispute that the Plaintiff obtained copies of her Equifax credit report on April 29, 2016, August 15, 2016, and August 18, 2016, and each report indicated that the plaintiff's medical debt was owed. Otherwise, ARC did

---

[1] Although the plaintiff disputes that this debt is in fact valid in her response to defendant's additional statement of material facts, [Doc. 40 at ¶ 1 and 2], she later does not dispute the validity of the debt "for purposes of ruling on ARC Management Group LLC's [] Motion for Summary Judgment," [Doc. 44 at ¶¶ 1 and 2]. She further states in her own motion for partial summary judgment that "[p]laintiff makes no allegation in her Complaint that she considers the debt to be false, deceptive[,] or misleading or that she contests or disputes the debt…." [Doc. 34 at 5]. Again, she reiterates this in her response to the defendant's motion for summary judgment, [Doc. 43 at 6]. The Court notes this inconsistency in the plaintiff's factual assertions, and finds that both parties agree and do not dispute that the medical debt incurred by the plaintiff is in fact a valid debt.

2

not make any phone calls or send any letters to the plaintiff to collect on the debt, nor did they file suit against the plaintiff to collect on the debt.

The plaintiff claims that ARC violated the FDCPA by reporting the debt to Equifax. She further claims that ARC's reporting of the debt to Equifax before they were licensed by the Tennessee Collection Services Board constitutes a violation of the FDCPA.

## II. STANDARD OF REVIEW

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). This Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under governing law. *Id*. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact

3

necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is merely colorable, or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

### III. DISCUSSION

Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collections practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In determining whether a debt collector's practice violates the FDCPA, the Court is required to use the objective "least sophisticated consumer" test. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 428 (6th Cir. 2008); *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008).

15 U.S.C. § 1692e generally bars debt collectors from using false, deceptive or misleading representations or means in order to collect a debt, while § 1692f prohibits debt collectors from using unfair or unconscionable means to collect a debt.

The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or *de minimis* violation. *See Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992). While § 1692e lists a number of examples of false or misleading representations, the text of the statute itself indicates that the examples are not meant to limit its prohibition on the use of false, deceptive or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. Likewise, § 1692f contains the same language, making clear that the examples set forth therein do

4

not "limit[ ] the general application" of its prohibition on the use of unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f. The Seventh Circuit observed that the phrase "unfair or unconscionable" used in § 1692f "is as vague as they come." *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, 480 F.3d 470, 474 (7th Cir. 2007).

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff filed a motion for partial summary judgment on her claims only as to ARC's liability for violations of the FDCPA. The plaintiff argues that (1) ARC was not a licensed debt collector at the time it reported the debt to Equifax, and (2) ARC illegally reported the debt to Equifax in an attempt to collect the debt from the plaintiff. The plaintiff argues that ARC's report to Equifax violated specific provisions of the FDCPA including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10), and 1692f.

#### 1. Licensing Requirements

After the plaintiff defaulted on her debt to Hamblen County Emergency Group, LLC, ARC was assigned the debt for purposes of collection. ARC does not dispute that it was not a licensed collection service in Tennessee when it reported the plaintiff's debt to Equifax. The FDCPA itself does not require collection services to be licensed. However, the Sixth Circuit has previously held that

> Congress did not turn every violation of state law into a violation of the FDCPA. But that does not mean that a violation of state law can never *also* be a violation of the FDCPA. The proper question in the context of an FDCPA claim is whether the plaintiff alleged an action that falls within the broad range of conduct prohibited by the Act. The legality of the action taken under state law may be relevant….

*Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014) (emphasis in original). The Tennessee Collection Service Act ("TCSA"), Tennessee Code Annotated § 62-20-101 *et seq.*, requires "all persons who commence, conduct or operate any collection services business" to

5

obtain a license from the Tennessee Collection Service Board. Tenn. Code Ann. § 62-20-105. The TCSA specifically exempts from these license requirements "any person that holds or acquires accounts, bills or other forms of indebtedness through purchase, assignment, or otherwise; and only engages in collection activity through the use of a licensed collection agency or an attorney authorized to practice law in this state." Tenn. Code Ann. § 62-20-103(a)(9).

Further, the Tennessee licensing requirements allow for persons who are alleged to have conducted collection services without a valid license to "cure the default at any time, *even after collection may have started*, by filing an application for a license with the collection services board…" and such persons "[m]ay be subject to sanction by the collection service board, but may not be subject to other civil action or defense based on such alleged violation." Tenn. Code Ann. § 62-20-105(f) (emphasis added). In essence, so long as ARC used a licensed collection agency to engage in all of their collection activities against the plaintiff, such actions would be exempt from the Tennessee licensing requirements. Furthermore, even if ARC did in fact attempt the collection of a delinquent account itself without first obtaining a Tennessee license, if ARC has later obtained a valid collection license issued by the Tennessee Collection Service Board, this fact, in effect, would cure ARC's default.

The plaintiff disputes that ARC operated all collection efforts through a third party licensed vendor in Tennessee. In the plaintiff's response to ARC's statement of material facts, [Doc. 44], the plaintiff claims that "[t]here is no evidence for the Court to consider that ARC operated all collection efforts during the relevant time at issue through a third party licensed vendor in Tennessee…." [Doc. 44 at ¶ 7]. Other than pointing to the fact that ARC reported the plaintiff's debt to Equifax—a fact which ARC does not dispute—the plaintiff has not provided any other factual evidence that ARC engaged in any other collection activities directly with the plaintiff.

6

However, even if reporting the debt to Equifax was a collection activity[2], the plaintiff does not dispute that "ARC [now] possesses a valid collection license issued by the Tennessee Collection Service Board," [Doc. 44 at ¶ 5]. ARC's subsequent acquisition of a valid license issued by the Tennessee Collection Board cures any licensing default they may have committed.[3]

This Court recognizes that the satisfaction of the licensing requirements found in the TCSA, as well as facts indicating the failure to adhere to these state licensing requirements, are all relevant factors in determining whether plaintiff has alleged action that has fallen within the broad range of conduct prohibited by the FDCPA. In other words, a violation of the Tennessee licensing requirements does not necessarily constitute a violation of the FDCPA; "the conduct or communication at issue must also violate the relevant provision of the FDCPA." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010). Indeed, there is no federal requirement that debt collectors be licensed; the State of Tennessee has afforded these extra protections for their citizens, but a license is not required to satisfy the provisions of the FDCPA, and, in turn, the claims before this Court.

The Court finds that ARC's current possession of a valid collection license from the Tennessee Collection Service Board has cured any Tennessee licensing violation that may have been present at the time ARC communicated the debt to Equifax. Therefore, given the particular facts of this case and the lack of any violation specific to the Tennessee licensing requirements found in the TCSA, the fact that ARC did not have a license issued by the Tennessee Collection Service Board at the time of the communication does not, in and of itself, support a violation of

---

[2] *See infra* Part III.A.2.
[3] Plaintiff's argument that "the Tennessee legislature cannot nullify [p]laintiff's rights under federal law to bring a claim against a 'debt collector' for violation of the FDCPA," [Doc. 34 at 6], is misplaced because the licensing requirements found in the TCSA actually provide more protection for consumers by requiring debt collectors to be licensed, therefore not "nullifying" any provision of the FDCPA or federal right of the plaintiff.

7

the FDCPA. Neither does this fact alone provide support for plaintiff's argument that ARC illegally attempted to collect on the debt because they were not licensed in Tennessee.

## 2. Reporting the Debt to Equifax

The next question presented to this Court is whether ARC's act of reporting the debt to a credit reporting agency qualifies as a "debt collection practice" under the FDCPA. The Court finds no indication that providing credit information or furnishing a debt to a consumer reporting agency is not a form of "communication" as defined in § 1692a(2).[4] However, of particular note is that the FDCPA ordinarily allows debt collectors to communicate with reporting agencies so long as otherwise permitted by law.[5]

In a footnote in an unreported opinion, the Sixth Circuit has "assume[d] without deciding that the reporting of [a] debt to Equifax constitutes a 'collection activity.'" *Purnell v. Arrow Financial Services, LLC*, 303 Fed. App'x. 297, 304 n.5 (6th Cir. 2008). However, the circumstances in *Purnell* are distinguishable from this case. There, Arrow Financial Services, LLC, a "debt collector" for purposes of the FDCPA, acquired an account from GE Capital which included a debt on an account that plaintiff had closed more than two decades before. *See id.* at 299. The defendant sent its first communication regarding the debt to the plaintiff in September of 2001, and within 30 days, the plaintiff disputed the debt in writing. *See id*. Without verifying the debt, Arrow Financial Services, LLC, reported the debt on a monthly basis to Equifax both before and after the initial communication with the plaintiff. *See id*. Some of the reports to Equifax included the "disputed" marker, while others did not. *See id*.

---

[4] For purposes of the FDCPA, the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

[5] "[A] debt collector may not communicate, in connection with the collection of any debt, with any person *other than* the consumer, his attorney, a *consumer reporting agency* if otherwise permitted by law…" FDCPA § 1692c(b) (emphasis added).

The Court of Appeals considered the issue of whether the defendant's reporting the debt to Equifax was within the limitations period. The Court decided that in such a situation, the FDCPA "does not require the debt collector to validate the debt at all, as long as it ceases any collection activity," after receiving notice that the debt is disputed. *Purnell*, 303 Fed. App'x at 303-04. Further, the Court found that "each 'failure to cease' collection activity without having validated the debt—like each 'communication' of false credit information under § 1692e(8)—present[ed] a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred." *Id*. at 304.

In the present case, there are no facts at all that indicate that the plaintiff communicated any dispute with the debt she owed to Hamblen County Emergency Group, LLC. Further, the parties have not argued that the report to Equifax should have been validated, nor has either party raised any issue with the limitations period for reporting the debt. Therefore, the Court of Appeals finding in *Purnell* has little bearing on the issues presently before this Court.

Of course, the FDCPA generally guards against communications by a collection agency that are false, deceptive, or misleading. *See* 15 U.S.C. § 1692e. In her motion, the plaintiff admits that she "makes no allegation in her Complaint that she considers the debt to be false, deceptive[,] or misleading or that she contests or disputes the debt…." [Doc. 34 at 5]. Specifically, the plaintiff's responses to the defendant's statement of undisputed material facts include:

1. Plaintiff does not dispute that he[sic] debt incurred by Plaintiff Sandra K. Watson to Hamblen County Emergency Group, LLC is valid.

    **RESPONSE:** Undisputed for purposes of ruling on ARC Management Group LLC's (ARC) Motion for Summary Judgment.

2. ARC reported a valid debt to a credit reporting bureau.

9

**RESPONSE:** Undisputed for purposes of ruling on ARC's Motion for Summary Judgment.

One of the main purposes of the FDCPA is to "eliminate abusive debt collection practices by debt collectors…." 15 U.S.C. § 1692. There may very well be situations where reporting or threatening to report a debt to a credit reporting agency would constitute an "abusive debt collection practice." In the present case, however, as discussed below[6], the Court concludes that ARC's report of the plaintiff's valid debt to Equifax was not an abusive debt collection practice. Therefore, the question of whether reporting a debt to a consumer reporting agency constitutes a "collection activity" for purposes of FDCPA is a question which this Court need not presently decide.

### B. The Defendant's Motion for Summary Judgment

The defendant argues that it is entitled to summary judgment as to all of plaintiff's claims. In support of its motion, the defendant asserts that its reporting of a valid debt to Equifax was not an act of collection against the plaintiff, and that because ARC later acquired a valid license from the Tennessee Collection Services Board, any potential violation of Tennessee's licensing law would be cured. The defendant also asserts that plaintiff's actions on behalf of the class is without merit and does not rise to the standards of Rule 23 of the Federal Rules of Civil Procedure in certifying a class.

The plaintiff's first five stated causes of action[7] all require a showing that the debt collector used a false, deceptive, or misleading representation in connection with the collection of plaintiff's debt. The plaintiff's first cause of action is brought under the general provision against false, deceptive, or misleading representations, while counts two through five of the plaintiff's second

---

[6] *See infra* Parts III.B.a., III.B.b.
[7] Plaintiff alleges six (6) causes of action against ARC in her Second Amended Class Action Complaint. Plaintiff alleges that ARC's acts violate the six listed provisions of the Act, and although not explicitly defined, this Court presumes each successive count relates to a violation of each successive listed provision of the Act.

10

amended class action complaint each identify specific conduct which, per the FDCPA, constitute false, deceptive, or misleading representations. The plaintiff's final cause of action alleges that ARC used unfair or unconscionable means to collect the debt.

      **a.**      **Counts I-V: 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(9), 1692e(10)**

The general provision of this FDCPA prohibition states that "[a] debt collector may not use false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In the present case, it is undisputed that the debt incurred by the plaintiff was a valid debt and ARC reported this valid debt to Equifax. The plaintiff has provided no factual evidence that ARC reported a false amount, or misled Equifax by representing an invalid debt as valid. Further, there are no facts suggesting that any threats were made to the plaintiff by ARC, nor are there facts indicating ARC made any deceptive representations. In fact, the plaintiff admits that the debt was valid, thus the material facts are undisputed. This Court finds as a matter of law that ARC's reporting of a valid debt to Equifax was not a false, deceptive, or misleading representation in connection with the collection of a debt. Therefore, summary judgment in favor of the defendant is appropriate for count one. Furthermore, counts two through five allege specific conduct which constitute false, deceptive, or misleading representations in connection with the collection of a debt. Therefore, the Court's finding as to count one necessarily entails these counts as well, and summary judgment in favor of the defendant is also appropriate for counts two through five.

      **b.**      **Count VI: 15 U.S.C. § 1692f**

This provision of the FDCPA states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "[A] collection practice could be unfair without necessarily being deceptive." *Currier v. First*

11

Case 2:16-cv-00300-JRG-MCLC Document 45 Filed 12/18/17 Page 11 of 13 PageID #: 260

*Resolution Inv. Corp.*, 762 F.3d 529, 534 (6th Cir. 2014). Although the Act does not explicitly define the terms "unfair" or "unconscionable," it does provide specific examples of conduct that constitute "unfair" or "unconscionable" means including:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.
> (3) The solicitation by a debt collector of any postdated check or other postdated payment instrument for the purpose of threatening or instituting criminal prosecution.
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.
> (5) Causing charges to be made to any person for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, collect telephone calls and telegram fees.
> (6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—
>> A. There is not present right to possession of the property claimed as collateral through an enforceable security interest;
>> B. There is no present intention to take possession of the property; or
>> C. The property is exempt by law from such dispossession or disablement.
> (7) Communicating with a consumer regarding a debt by post card.
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

None of these circumstances have any relation to the issues presented to this Court. Further, the plaintiff has not provided any facts whatsoever, nor any controlling case, to support a finding that reporting a valid debt to a consumer credit agency is in any way "unfair" or "unconscionable." The Court concludes that ARC's reporting of plaintiff's valid debt to Equifax was not an unfair or unconscionable means to collect on the debt. Therefore, summary judgment in favor of the defendant is appropriate for count six.

### c. Class Action Certification

Because the defendant is entitled to summary judgment in its favor as to all counts, this Court need not consider the arguments raised in the defendant's motion against class certification. It is sufficient to hold, as this Court does, that all of the claims asserted in this potential class action lawsuit should ultimately be resolved in favor of the defendant. Therefore, it would be needless and costly to allow any further litigation to ensue on behalf of the potential class of persons similarly situated.

## IV. CONCLUSION

For the reasons set forth herein, it is hereby ORDERED that the plaintiff's motion for partial summary judgment, [Doc. 33], is DENIED and the defendant's motion for summary judgment, [Doc. 41], is GRANTED. A separate judgment shall enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
